## COURTS—MUNICIPAL CORPORATIONS

[Muskingum (5th) Court of Appeals, September Term, 1918.]

STATE EX REL S. W. BRADSHAW, v. WALTER R. CULBERTSON.

**Appointment of Clerk of Municipal Court, Created by Charter and Legislative Act.**

When a city charter, supplemented by an act of the general assembly, creates and constitutes a municipal court, such court is not a constitutional but rather a statutory court, and authority to appoint its clerk is vested in such appointing officer or board as is prescribed by the city charter, and not in the appointing officer or board prescribed by the supplementary statute.

QUO WARRANTO.

**POWELL, J.**

This is an action in quo warranto originally commenced in this court to determine the right to the office of clerk of the municipal court of the city of Zanesville, this county.

The said city of Zanesville adopted a charter for its local self government under the provisions of the amended constitution of the state of Ohio, making provision for that purpose. Among other things this charter so adopted provides a municipal court for said city and creates the offices of judge and clerk of said court. It also prescribes a method by which such officers shall be selected. The relator, Bradshaw, claims to be entitled to the office of clerk by selection under the method provided by said city charter.

The defendant, Culbertson, also claims title to said office but upon different grounds from the claim made by the said relator. His claim is that the municipal court of the said city of

Zanesville does not derive its existence or its authority from the charter of said city so adopted, but from an act of the Legislature providing for a municipal court for said city, passed March 21, 1917, after said city charter had been adopted. This act upon which said defendant relies provides that a clerk of said court shall be chosen, but does not prescribe the method.

Defendant was appointed as clerk of said court by the judge thereof, duly elected and qualified in accordance with the provisions of said charter and said act of the general assembly. The relator was appointed as such clerk by the Mayor of said City of Zanesville pursuant to the authority given him for that purpose by the charter of said city, and he was selected from the eligible list of candidates provided for said city under its civil service regulations.

No question is made by either plaintiff or defendant as to the form or manner of either of said appointments. Both seem to have been regularly made under the claim as made by each of said claimants and pursuant to the right to make such appointment as claimed by them respectively. If the municipal court of Zanesville is a charter court, deriving its existence and authority from the city charter so adopted, then the relator's appointment as such clerk being regular under the provisions of said charter, he would be entitled to exercise the duties and receive the emoluments of such office. But if said court is a legislative or constitutional court and derives its existence and authority solely from the Constitution and the act of the General Assembly creating such court with inherent power to select its own clerk, then the claim of defendant to be entitled to said office is good since such appointment was regularly made under this construction of the power and authority of said municipal court.

The charter of said city was adopted by a vote of the electors of said city in November, 1915. Such charter is authorized by Art. 18, Sec. 3, of the constitution of the state of Ohio as it now exists. By this article of the state constitution:

"Municipalities shall have authority to exercise all powers of local self government and to adopt and enforce within their limits such local, police, sanitary and other similar regulations as are not in conflict with the general laws."

This provision of the constitution would seem to authorize

State ex rel v. Culbertson.

the establishment of a charter court with authority and jurisdiction limited to the exercise of the ''powers of local self government,'' and if such court is created solely by the charter of said city then the provisions of such charter ought to prevail as against a later act of the general assembly in conflict with the same.

In case of a conflict between two acts of the general assembly on the same subject matter, the provisions of the later act prevail as being a later expression of the legislative intent; but in a conflict between a municipal charter legally adopted and an act of the general assembly on any subject provided for in said charter, the provisions of the charter ought to prevail within the territorial limits of the municipality on all matters within its authority and jurisdiction. Such act may be supplementary to and amendatory of such city charter and construed with the charter form a complete scheme for the exercise of judicial functions within the limits of said city.

We are of the opinion that such should be the rule of construction in cases of this kind. The authority and jurisdiction of the municipality charter should first prevail, then the legislative act creating a municipal court so far as the same is not in conflict with said charter should supplement and complete the judicial scheme in so far as its provisions are in harmony with the charter provisions. In case of conflict the charter provisions should always prevail as being the organic law relating to the government of said city, adopted by the residents thereof.

Applying these rules to the case in hearing, we find that the city of Zanesville has by its charter supplemented by the act of the general assembly of March 21, 1918 (107 O. L., 722), a complete scheme for the administration of the judicial functions so far as may be necessary to enforce and carry out the local self government of the city; that such scheme creates and constitutes a municipal court for said city within the authority of said Art. 18, of the constitution; and that the charter of said city creates the office of clerk of said court and provides a method by which such office may be filled; that such municipal court is not a constitutional court authorized by the constitution itself and is without inherent power to appoint its own clerk, but has only such power and such authority as are expressly given it by the

act of the general assembly creating or attempting to create such municipal court, or such authority as is necessarily implied in order to carry out the purpose for which such charter was adopted and such municipal court created.

We think that the relator, Bradshaw, was regularly appointed by the proper appointing authority of said city, and that he has the right and title to the office of clerk of said municipal court, and that the defendant, Culbertson, is without any right or title to said office, and so finding and holding, judgment may be entered in favor of the said relator and against the said defendant.

Judgment accordingly.

HOUCK and SHIELDS, JJ., concur.